BURR OSBORNE *vs.* SIMON BANKS AND ANOTHER.

An officer who, on a writ of replevin, had taken property out of the hands of another officer who held the same under an execution which he had levied upon it, finding it necessary in consequence of a defect in the proceedings that a new writ should be issued and served, obtained the consent of the other officer that there should be no return of the property replevied. Held that the

latter officer had no authority, as agent of the law, to make such an agreement; and that, as agent of the defendant, authority from the latter was nec. essary, and that that authority would not be inferred from the nature of the business committed to his hands.

The statute (Gen. Statutes, tit. 19, ch. 17, sec. 2,) provides for a return of replevied property to the defendant in the action, where judgment is rendered for the defendant. It seems that where property is replevied out of the hands of an officer who holds the same upon process issued in behalf of the defendant, a return of it to the same custody would be a sufficient return to the defendant.

REPLEVIN, brought, by appeal from a justice of the peace, to the Court of Common Pleas of Fairfield County, and tried in that court before *Hall, J.* Facts found and judgment rendered for the defendants for damages and costs, and for a return of the property. Motion in error by the plaintiff. The case is sufficiently stated in the opinion.

*C. M. Gilman,* for the plaintiff.

*J. H. Perry,* for the defendants.

LOOMIS, J. This is an action of replevin, returnable before a justice of the peace, October 23d, 1877. Before the return day, owing to a defect in the writ, the action was withdrawn and another was brought to replevy the same property. The property was taken on the first writ from the custody of Maloney, a constable, who had levied an execution on it in favor of the defendants against one Barnum, and posted it to be sold on the 16th of said month, and upon the service of the writ it was delivered to the plaintiff, who has ever since held it as his own. The second writ was issued on the 20th of said month, and was served by leaving copies, but the property was not in fact replevied, being already in the plaintiff's possession. Two days prior to the service of the second writ Sheriff Pike, who served the first writ, informed Constable Maloney, who served the defendants' execution, that owing to a defect in the first writ he supposed he would have to serve it over again, and asked him if he required him to return the property, to which Maloney replied that he did not. On the return day of the first writ the parties appeared, and

the defendants made a suggestion in the nature of an avowry, and claimed judgment for damages, and also for a return of the property, pursuant to the provisions of the General Statutes of 1875, page 487, sec. 8. The justice gave damages, but found that the property had been returned, and therefore refused to give judgment for its return. From this decision the defendants appealed to the Court of Common Pleas, where upon trial the facts were found and made part of the record, and judgment was rendered for the defendants, both for damages and for a return of the property. And now the plaintiff, by motion in error, seeks to reverse this judgment.

The only question presented by the motion is, whether the interview between the two officers amounted in law to such a waiver of the return that the court could not lawfully render judgment for a return of the property.

Upon this point the record further shows that the plaintiff did not authorize the transaction between the officers, Pike and Maloney, nor have any knowledge of the same till it came out on the trial, and the defendants on their part did not in any way authorize Maloney to waive a return of the property, but on the contrary they at all times after the withdrawal required that the property should be returned to them.

This finding would seem to show quite clearly that neither officer Pike had authority to tender a return, nor officer Maloney to waive it, so as to conclude the defendants thereby.

The right of the officer to waive a return must be predicated either upon the fact that he is to be regarded as an agent of the defendants, or as an agent of the law. It is clear from the finding that there was no express authority from the defendants, and it seems impossible to imply such authority from the nature and purview of the business committed to his hands. And so far as the officer was an agent of the law and as such had duties to perform, he was bound to retake possession whenever the law allowed, and proceed to consummate the proceedings already commenced according to the directions of the precept under which he acted.

It is not necessary to decide what would have been the legal effect of an actual return of the property to the custody

of the officer. This question is not identical with the one just discussed. It was the old practice, and it was quite reasonable and convenient, to return the property to the officer who held it under a writ of attachment, but this was done according to the express direction of the statute. Gen. Statutes of 1866, p. 78, sec. 339. The question is now embarrassed by a change in the statutes. In the Revision of 1875, pages 484 to 487 inclusive, for the purpose of unifying the diverse actions of replevin and to make one form of writ and bond applicable to all, the statutes were so altered as to require a return of the property to the defendants, and they do not seem to contemplate that the officer should be made a defendant. We do not propose to give a binding construction to this act, but will add, as a dictum, that although the judgment must comply with the literal terms of the statute so far as to direct a return of the property to the defendants, yet as the property, while held by the officer under the execution, was considered to be in the defendants' possession for the purpose of replevying, it would seem most reasonable to hold that the judgment for return would be sufficiently complied with, if the property should be actually returned to the same custody from which it was taken. This would place the defendants in the same position relative to the property which they occupied when the writ was served, and give them all the benefit of it to which in any event they would be justly entitled.

There is no error in the judgment complained of.

In this opinion the other judges concurred.